COMMONWEALTH of Pennsylvania

v.

**Eddie L. LUCKETT, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 1997.

Filed Sept. 23, 1997.

Eddie L. Luckett, appellant, Pro Se.

Michael J. Barrasse, Dist. Atty., Scranton, for the Com., appellee.

Before CIRILLO, President Judge Emeritus, and FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

Eddie L. Luckett appeals the January 13, 1997 denial of his petition for PCRA relief.

We are constrained to reverse and remand for the appointment of counsel.

On December 23, 1994, appellant was sentenced to forty-five to ninety months imprisonment following his conviction by a jury of possession and delivery of a controlled substance. On direct appeal, we summarized the evidence presented at appellant's trial:

> On April 20, 1993, Officers Kevin Mitchell and Michael Keilty investigated reports of drug activity by conducting surveillance on the corners of Taylor Avenue and Linden Street in Scranton. The officers were approached by an individual who offered to sell them cocaine. Because neither officer was prepared to make a buy on that day, they told the individual they would return the next day. The individual was later identified as Merle Simmons.
>
> The next day, Officer Mitchell and another Scranton police officer, Michael Carroll, returned to the area. This time they carried five marked twenty dollar bills. These officers were approached by the same individual who had offered to sell cocaine the previous day. They pulled the car to a curb on the opposite side of the street in order to be directly under a street lamp. The officers arranged to buy two bags of cocaine for fifty dollars. During this transaction, appellant approached the officers from the opposite side of the car. Appellant also offered to sell them cocaine. Officer Mitchell agreed to purchase three bags of cocaine for fifty dollars. Appellant then went into 1304 Linden Street and returned with three bags of a white powdery substance.
>
> The officers completed the transactions, left the scene, and met with Officer Leonard Ash in order to test the powder. It was identified as cocaine. At this point, Officers Mitchell and Carroll returned to the scene at approximately 10:15 p.m. which was about an hour to an hour and a half after the transaction had occurred. Upon seeing appellant in front of 1304 Linden Street, Officer Mitchell conducted a protective pat down. He asked for identification and appellant stated his name was Eddie Luckett.
>
> The officers then left the scene to prepare an affidavit of probable cause in order to obtain an arrest warrant. Unsure of the true identification of appellant, Officer Mitchell used the name John Doe, a/k/a Mark. He testified he used the name "Mark" because he believed appellant went by this name on the street. (N.T. November 16, 1993 at 33). Officer Mitchell, accompanied by Officer Keilty, returned to the scene in order to serve the arrest warrant. On or about 9:30 p.m., the arrest warrant was executed against appellant.

Superior Court Memorandum, 8/16/95, at 1–2.

Following his convictions, appellant filed a pro se appeal, raising eight allegations of error. We rejected his arguments and affirmed. On January 9, 1997, appellant filed his first petition for post-conviction relief. He raised numerous allegations of ineffective assistance of counsel and leveled accusations of prosecutorial misconduct. Four days later, the PCRA court denied the petition summarily, stating that

> the defendant having filed a pro se motion for post conviction collateral relief on January 9, 1997, charging his counsel with ineffectiveness, and it appearing that the Superior Court in a decision filed on August 16, 1995 had determined that the defendant's counsel was not ineffective, it is hereby ordered that the defendant's said motion for post conviction collateral relief is denied.

Order of court, 1/13/97, at 1. This appeal followed.

Appellant contends that summary dismissal was improper and that he was entitled to the assistance of counsel in this proceeding. Appellant's brief at 6.[1] We are constrained to agree.

Initially, we note that the trial court bases its dismissal on the theory that the effectiveness of counsel was previously litigated. However, appellant has raised different allegations of trial counsel's ineffectiveness than those raised on direct appeal. For example, in his PCRA petition, he alleges that trial

---

1. Appellant's indigency is established by the record.

counsel had a conflict of interest and was ineffective for presenting a witness at trial. These claims were not addressed on direct appeal. Concededly, most of the issues raised in the petition either have been previously litigated or are not cognizable in the PCRA setting.

Nonetheless, we must agree with appellant's contention that he was entitled to the assistance of counsel. We have held that regardless of the merits of a defendant's claims, he is entitled to appointment of counsel for his first PCRA petition if he is indigent. *Commonwealth v. Peterson*, 453 Pa.Super. 271, 683 A.2d 908 (1996); *see also Commonwealth v. Lindsey*, 455 Pa.Super. 228, 687 A.2d 1144 (1996); Pa.R.Crim.P. 1504(a). An indigent defendant is entitled automatically to the appointment of counsel for his *initial* petition for relief under the PCRA. Hence, we are constrained to reverse and remand for the appointment of counsel.

Order reversed. Case remanded for appointment of counsel. Jurisdiction relinquished.

CIRILLO, President Judge Emeritus, files concurring opinion.

CIRILLO, President Judge Emeritus, concurring:

I use this opportunity to reiterate my sentiment on the current state of the law and procedure employed for the disposition of an uncounseled defendant's patently frivolous first PCRA petition. In *Commonwealth v. Van Allen*, 409 Pa.Super. 348, 597 A.2d 1237 (1991)(Cirillo, J., concurring), I wrote separately to express my belief that the trial court properly dismissed the uncounseled defendant's first PCRA petition where the petition raised claims that were either previously litigated or waived. I believe that under such circumstances, regardless of whether the petitioner is asking for collateral relief for the first or a subsequent time, our rules should not make it mandatory that counsel be appointed to represent such petitioner.

I am thoroughly cognizant of Rule of Criminal Procedure 1504 which requires the appointment of counsel for an indigent defendant on his or her first post-conviction relief

petition, as well as the policy behind affording first-time petitioners counsel in all cases. *See Commonwealth v. Finley*, 497 Pa. 332, 440 A.2d 1183 (1981)(counsel for a PCHA petitioner allows legal grounds for a complaint to be more ably explored and promotes the efficient administration of justice).

Our court has consistently ruled that Rule 1504 be read coextensively with Pa.R.Crim.P. 1507. To that end, a first time indigent PCRA petitioner may not have his or her claims dismissed summarily, without the aid of counsel, merely because these claims are clearly frivolous. *See Commonwealth v. Kaufmann*, 405 Pa.Super. 335, 592 A.2d 691 (1991) (trial court's authority to summarily dismiss a petition for post-conviction relief under Pa.R.Crim.P. 1507 must be construed in conjunction with Pa.R.Crim.P. 1504); *cf.* Pa.R.Crim. 1507 (a motion for post-conviction collateral relief may be granted without a hearing when the motion and answer show that there is no genuine issue concerning any material fact and no purpose would be served by any further proceeding).

In those cases that have reversed a PCRA court's summary dismissal of a first-time PCRA petition where the petitioner was uncounseled and indigent, the defendant had put the court on notice that he or she requested the aid of counsel because of his or her indigent status and inability to otherwise procure counsel. Rule of Criminal Procedure 1504 states, in part:

(a) When an unrepresented defendant *satisfies [to the court]* that the defendant is unable to afford or to otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first motion for post-conviction collateral relief.

There have been no cases interpreting Rule 1504's language "satisfies to the court." This phrase could logically be interpreted to place an affirmative duty on the PCRA petitioner to bring it to the court's attention, whether orally or by motion or petition, that he or she is unable to afford or procure counsel and that the present petition is the first he or she is bringing for collateral relief. The comment following the Rule, however, uses lan-

guage that may be construed to place the burden of investigating the indigent status of a first-time petitioner on the PCRA court. *See* Pa.R.Crim.P. 1504, *comment* ("Consistent with Pennsylvania post-conviction practice under former Rules 1503 and 1504, *it is intended that counsel be appointed in every case in which a defendant has filed a motion for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel.*").

I highlight this language due to the facts of the present case. Here, as in *Van Allen*, the trial court determined that the ineffectiveness claims Luckett raised in his PCRA petition had already been determined by our court on his direct appeal from the judgment of sentence. Unlike the many Rule 1504 cases rendered by our court and our supreme court where first-time indigent petitioners were outright denied the appointment of PCRA counsel, there is no evidence in the record that Luckett ever filed a request to have PCRA counsel appointed or informed the PCRA court of his indigent status. *See Commonwealth v. Lindsey*, 455 Pa.Super. 228, 687 A.2d 1144 (1996); *Commonwealth v. Peterson*, 453 Pa.Super. 271, 683 A.2d 908 (1996); *Commonwealth v. Kaufmann*, 405 Pa.Super. 335, 592 A.2d 691 (1991). Furthermore, the order dismissing Luckett's *pro se* petition does not deny him the right to counsel. Even more suspect is the fact that in his direct appeal, Luckett claimed that his Sixth Amendment rights were violated because the trial court denied him the opportunity to proceed *pro se* post-trial; instead, the court appointed him counsel. This claim is diametrically opposed to the claim he now makes on appeal from the denial of his uncounseled petition.

While it is clear from the Rule, case law, and the Comment proceeding Rule 1504 that a PCRA court is to strictly follow the practice that counsel be appointed when the conditions of Rule 1504 are met, there is no guidance or support to ascertain if the court or the defendant must make the first move to have counsel appointed and thus carry out the spirit of Rule 1504. *Cf.* Pa.R.Crim.P. 1507 (**"the judge should thoroughly review the motion, the answer if any, and all other relevant information that is included in the record"** to determine whether summary dismissal of the petition is appropriate).

Although the legislature and the Supreme Court Rules Committee are the proper bodies to address the issue raised in this concurrence, in light of the purpose behind Rule 1504, I agree with the majority that this case should be reversed and remanded for the appointment of counsel. The record is replete with multiple applications filed by Luckett to proceed *in forma pauperis*. Furthermore, these petitions were granted by the trial court. Under such circumstances it seems reasonable to assume that, after a proper and thorough review of the record, the PCRA court would well have been on notice of the petitioner's indigent status prior to deciding his petition.