J-S56004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER STEVEN JONES, | |
| Appellant | No. 122 MDA 2015 |

Appeal from the Order Entered December 11, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001539-2003, CP-41-CR-0001540-2003

BEFORE: SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 20, 2016**

Appellant, Peter Steven Jones, appeals *pro se* from the order denying his request that the trial court waive his boot camp ineligibility. We vacate and remand for further proceedings.

We summarize the history of this case as follows. On November 5, 2003, at CR-1539-2003, Appellant was charged with one count each of robbery, aggravated assault, theft, receiving stolen property, and firearms not to be carried without a license for an incident committed on August 14, 2003. Also on November 5, 2003, at CR-1540-2003, Appellant was charged with one count each of criminal attempt to commit robbery, robbery,

_____

[*] Retired Senior Judge assigned to the Superior Court.

aggravated assault, and firearms not to be carried without a license for an incident committed on June 30, 2003. The Commonwealth filed a notice of joinder indicating that the cases at CR-1539-2003 and CR-1540-2003 would be tried together. On October 11, 2004, Appellant pled guilty to the crimes stated above.

On January 24, 2005, at CR-1539-2003, the trial court sentenced Appellant to serve a term of incarceration of five to ten years for the robbery conviction and a consecutive term of probation of seven years for the firearms conviction. Also on January 24, 2005, at CR-1540-2003, the trial court sentenced Appellant to serve a concurrent term of incarceration of five to ten years for the conviction of criminal attempt to commit robbery, and a consecutive term of probation of seven years for the firearms conviction. Thus, the trial court imposed an aggregate sentence of incarceration of five to ten years, to be followed by fourteen years of probation.[1] In addition, the trial court directed that the sentences imposed were to be served consecutive to any and all sentences that Appellant was presently serving. Appellant filed a timely motion for reconsideration of sentence on February 3, 2005, which the trial court denied on February 15, 2005. Appellant did not file a direct appeal from the judgment of sentence.

_____

[1] The trial court's sentencing order also indicated that "[u]pon motion of the Commonwealth, any remaining counts are hereby dismissed." Order, 1/24/05, at 3.

- 2 -

On March 20, 2008, Appellant filed a *pro se* motion for reconsideration of sentence *nunc pro tunc*. The trial court failed to accept Appellant's *pro se* filing as a petition for post-conviction relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and to appoint counsel to represent Appellant. Instead, on March 27, 2008, the trial court filed an order which simply denied the motion for reconsideration. Appellant did not file an appeal from that order.

On November 24, 2014, Appellant filed a *pro se* "motion to waive bootcamp ineligibility." The trial court entered an order denying Appellant's motion on December 11, 2014. This timely appeal followed.[2] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

---

[2] We note that the trial court's docket indicates Appellant's notice of appeal was filed on January 15, 2015, which is beyond the thirty-day appeal period. **See** Pa.R.A.P. 903 (setting forth thirty-day period in which to timely file appeal). Consequently, on March 20, 2015, this Court entered an order directing Appellant to show cause why his appeal should not be quashed as untimely filed. Appellant, who is incarcerated, has responded to the rule to show cause indicating that he timely filed his notice of appeal on January 8, 2015, when he placed his notice of appeal in the institutional mailbox. Thus, Appellant has ostensibly employed the prisoner mailbox rule. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). Under that rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities. . . ." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (quoting **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997)). We observe that Appellant has appended to his response a cash slip from the Department of Corrections S.C.I. Rockview. The cash slip is dated January 8, 2015, and is addressed to the Lycoming County Clerk of Courts. *(Footnote Continued Next Page)*

Appellant presents the following issue for our review:

I. Whether the trial court erred by denying [Appellant's] motion to waive boot camp ineligibility.

Appellant's Brief at 4. Prior to addressing this issue, however, we must first address the status of Appellant appearing before this Court without counsel. Although Appellant has not raised a concern regarding his lack of counsel in the past, we observe that we may do so *sua sponte*. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (discussing the right of Superior Court to address the appellant's lack of counsel *sua sponte* in PCRA matter).

Initially, we note that approximately three years after Appellant's judgment of sentence became final,[3] on March 20, 2008, Appellant filed a motion for reconsideration of his sentence, and the trial court simply denied the motion seven days later. Similarly, this appeal was taken from the denial of a motion that was filed after the imposition of Appellant's judgment of sentence and the subsequent failure of Appellant to file a direct appeal. Thus, the instant motion and the motion filed on March 20, 2008, were filed

_(Footnote Continued)_ ―――――――――――

Likewise, our review of the certified record reflects that Appellant's notice of appeal and certificate of service are also dated January 8, 2015. Accordingly, we conclude that, pursuant to the prisoner mailbox rule, Appellant timely filed his notice of appeal on January 8, 2015.

[3] A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

after Appellant's judgment of sentence became final. It is well-established that any document filed after the judgment of sentence becomes final must be treated as a petition for post-conviction relief, regardless of how a petitioner or counsel titles it. *See Commonwealth v. Kubis*, 808 A.2d 196, 199 (Pa. Super. 2002) (explaining that the PCRA is the sole means for obtaining collateral review and any petition filed after judgment of sentence is final is treated as a PCRA petition); *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating the appellant's motion as PCRA petition "regardless of the manner in which the petition is titled"); *Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (approving the trial court's determination that the appellant's "motion to correct illegal sentence" was a PCRA petition). Consequently, Appellant's motion filed on March 20, 2008, must be considered to be Appellant's first PCRA petition.

Because Appellant's March 20, 2008 motion should have been treated as Appellant's first PCRA petition, he was entitled to the appointment of counsel. Under our Commonwealth's Rules of Criminal Procedure promulgated by the Pennsylvania Supreme Court, it is mandated that an indigent petitioner be appointed counsel to represent him on his first PCRA petition. Pa.R.Crim.P. 904. The comment to Rule 904 states the following:

> Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief

for the first time and is unable to afford counsel or otherwise procure counsel.

Pa.R.Crim.P. 904 Cmt. The purpose of Rule 904 is to ensure that an indigent litigant be provided counsel for at least one PCRA petition, which under ordinary circumstances would be the first such petition.

Our Supreme Court has explained that this rule-based right is not simply a right to counsel, but a right to effective assistance of counsel. *Commonwealth v. Haag*, 809 A.2d 271, 282-283 (Pa. 2002). "The guidance and representation of an attorney during collateral review 'should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.'" *Id*. (quoting *Commonwealth v. Albert*, 561 A.2d 736, 738-739 (Pa. 1989)). *See also Commonwealth v. Smith*, 818 A.2d 494, 500-501 (Pa. 2003) (stating that "Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply").

Likewise, this Court has long mandated that "counsel be appointed in *every* case in which a defendant has filed a motion for post-conviction collateral review for the *first* time and is unable to afford counsel. . . ." *Commonwealth v. Kaufmann*, 592 A.2d 691, 695 (Pa. Super. 1991) (emphasis in original). *See Commonwealth v. Lindsey*, 687 A.2d 1144, 1144-1145 (Pa. Super. 1996) (reasoning that Pa.R.Crim.P. 904(a) provides that a PCRA petitioner is entitled to counsel for his first PCRA petition,

regardless of the merits of his claim). The failure to appoint counsel to assist an indigent, first-time PCRA petitioner is manifest error. **Kutnyak**, 781 A.2d at 1262. This principle has been reinforced in case law on numerous occasions, and the cases have required appointment of counsel where the initial *pro se* petition is seemingly wholly without merit, **Kaufmann**, 592 A.2d at 695, where the issue has been previously litigated or is not cognizable under the PCRA, **Commonwealth v. Luckett**, 700 A.2d 1014, 1016 (Pa. Super. 1997), where the petition is untimely, **Commonwealth v. Ferguson**, 722 A.2d 177, 179-180 (Pa. Super. 1998), and where the petitioner has not requested appointment of counsel, **Guthrie**, 749 at 504. In addition, it bears repeating that our courts will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for PCRA relief until that petitioner has been given the opportunity to be represented by appointed counsel. **Commonwealth v. Evans**, 866 A.2d 442, 445 (Pa. Super. 2005). In summary, "before the trial court disposes of a first post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." **Commonwealth v. Hampton**, 718 A.2d 1250, 1253 (Pa. Super. 1998) (quoting **Commonwealth v. Van Allen**, 597 A.2d 1237, 1239 (Pa. Super. 1991)) (emphasis omitted).

Here, it is undisputed that after Appellant's judgment of sentence became final he filed a *pro se* motion on March 20, 2008, which should have been considered to be a first PCRA petition but was not. The motion was dismissed on March 27, 2008. Subsequently, on November 24, 2014, Appellant filed, *pro se*, the instant motion, which the trial court denied on December 11, 2014, without appointing counsel. This was clearly error and requires remand for the appointment of counsel to comply with the dictates of Rule 904. Appellant must be given that right now so that he may file a counseled PCRA petition.[4]

In summary, because Appellant was improperly denied the assistance of counsel for any PCRA petition, we vacate the order below and remand for appointment of counsel, an opportunity for counsel to file an amended petition raising any possible exceptions to the time requirements of the PCRA, and for any further proceedings that are necessary.

_____

[4] Because Appellant is indigent as evidenced by his current *in forma pauperis* status, the PCRA court should have appointed counsel to assist him in the preparation of his petition. Thus, we are obligated to remand this case to the PCRA court for the appointment of counsel.

Order vacated.  Case remanded for appointment of counsel and further proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judge Jenkins joins the Memorandum.

Judge Platt files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2016