J-S23018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MCFALL | : | |
| | : | |
| Appellant | : | No. 3303 EDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000538-2012,
CP-51-CR-0006406-2012

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 26, 2018**

Appellant Anthony McFall appeals, *pro se*, from the order denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that both plea counsel and PCRA counsel were ineffective.  We affirm.

On April 9, 2013, following his completion of two written guilty plea colloquy forms and an oral colloquy by the court, Appellant entered a negotiated guilty plea to rape and witness intimidation.[1]  **See** Written Guilty Pleas for 0538-2012 and 6406-2012, 4/9/13; N.T. Guilty Plea Hr'g, 4/9/13, at 6-42.  In relevant part, the written guilty plea colloquies include a statement

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(a)(1), 4952.

that the defendant recognizes that "if the judge does not agree with the plea bargain or agreement, [the defendant] can withdraw [the] guilty plea and have a trial before a judge and jury or before a judge alone." Written Guilty Plea Colloquy, at 1. Appellant signed the written colloquies in the court's presence. N.T. Guilty Plea Hr'g at 39-41. The trial court accepted Appellant's pleas and immediately imposed the negotiated sentence of ten to twenty years' incarceration after plea counsel waived the preparation of a presentence investigation report (PSI). Appellant was advised of his appellate rights. *Id.* at 59-63. Appellant did not move to withdraw his guilty plea and did not file a direct appeal.

The PCRA court docketed Appellant's timely *pro se* PCRA petition on September 6, 2013. Therein, Appellant raised several claims regarding plea counsel's ineffectiveness.[2] On March 11, 2015, the court appointed counsel,

---

[2] In his *pro se* PCRA petition, Appellant claimed that plea counsel was ineffective for (1) failing to obtain phone records, including text messages records, that would have helped his case; (2) stating that he thought Appellant was guilty; (3) calling the complainant and discussing matters outside the bounds of the case; (4) failing to contact witnesses helpful to the defense; and (5) coercing Appellant to accept a plea by saying that his family members may be implicated in witness tampering and intimidation if he did not take responsibility. He further claimed that he was unable to contact counsel to rescind his guilty plea after sentencing.

who subsequently filed a "no merit" letter under **Turner**/**Finley**[3] on April 28, 2016, addressing each of the claims raised in Appellant's *pro se* petition.[4]

On June 28, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's first petition without a hearing.[5] Appellant's Rule 907 response was docketed on July 14, 2016. Therein, Appellant raised additional claims of plea counsel's ineffectiveness along with new claims of ineffectiveness against PCRA counsel.[6] On August 15, 2016, PCRA counsel filed an amended **Turner**/**Finley** letter, in which he addressed the ineffective assistance of plea counsel claims raised in Appellant's Rule 907 response, and

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The record does not explain the delay.

[5] After determining that Appellant did not receive the original Rule 907 notice, the PCRA court vacated its previous Rule 907 notice and issued a new one in order to allow Appellant time to respond.

[6] In his response to the PCRA court's Rule 907 notice, Appellant stated that (1) PCRA counsel was ineffective for failing to properly assess and present the issues he raised in his *pro se* petition; (2) Appellant intended to proceed to trial, but instead pled guilty because plea counsel told him it was in his best interest; (3) Appellant did not agree with the factual basis for his plea, but pled guilty because he believed it was in his best interest; (4) plea counsel was ineffective for failing to appeal the court's ruling on his rule 600 motion; and (5) PCRA counsel abandoned Appellant's claims and based his assessment of the issues solely on the factual support provided by Appellant. **See** Appellant's Rule 907 Resp., 7/14/16, at 1. Appellant did not seek leave to file an amended petition to raise new claims of plea counsel's ineffective assistance of counsel. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012).

concluded that they were frivolous. The PCRA court did not issue a second Rule 907 notice.

On October 4, 2016, the PCRA court issued an order dismissing Appellant's petition and granting counsel's petition to withdraw. *See* PCRA Ct. Order, 10/4/16. Appellant's notice of appeal was docketed on October 17, 2016. The PCRA court did not order compliance with Pa.R.A.P. 1925(b), and Appellant did not file a statement of errors. On July 12, 2017, the court issued a Rule 1925(a) opinion.[7]

On September 27, 2017, Appellant filed a petition for remand raising additional issues.[8] This Court denied Appellant's petition without prejudice to re-raise the issues in his appellate brief.

---

[7] The PCRA court, in its Rule 1925(a) opinion, concluded that (1) plea counsel was not ineffective for failing to obtain phone records, including text messages, where Appellant did not articulate why such records would have helped his case; (2) plea counsel was not ineffective for allegedly stating that he believed Appellant was guilty, where Appellant did not substantiate his claim, nor did he articulate how this alleged statement prejudiced him; (3) plea counsel was not ineffective based on Appellant's unsubstantiated claim that counsel contacted the complainant "to discuss matters outside of the case"; and (4) plea counsel was not ineffective for allegedly coercing Appellant into accepting a plea, where Appellant failed to substantiate his claim, and made contradictory statements under oath during his guilty plea colloquy. *See* PCRA Ct. Op., 7/12/17, 4-5.

[8] In his petition for remand to this Court, Appellant raised the following issues: (1) Appellant was denied ineffective assistance of counsel in a first PCRA and was denied the opportunity to present underlying issues and was denied meaningful review; (2) the plea of guilty is not valid or legal; (3) Appellant was denied a PSI prior to sentencing and counsel was ineffective; (4) Appellant was abandoned for the purpose of appeal and was denied independent counsel

Appellant raises the following issues for our review:

1. Was the plea of guilty invalid, and was counsel ineffective in failing to protect Appellant[']s right to a valid knowing plea?

2. Was Appellant denied a PSI without his knowledge, and without an effective waiver, and was counsel ineffective?

3. Was Appellant denied effective PCRA counsel in a first timely PCRA petition?

4. Was PCRA counsel ineffective, and was his **Finley** letter defective[,] denying [*pro se*] Appellant meaningful review?

Appellant's Brief at 3 (issues reordered to facilitate disposition).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

**Appellant's First Issue: Validity of the Guilty Plea**

For his first issue, Appellant raises five arguments, which we address in detail below.

*First Argument*

Appellant's first argument is that plea counsel was ineffective for failing to object to the trial court's defective guilty plea colloquy. Appellant's Brief at

_____

for such an appeal; and (5) Appellant was denied the opportunity to present character witness testimony. We note that Appellant raised his claim regarding plea counsel's ineffectiveness for failing to request a PSI for the first time in his petition for remand.

7. In support, Appellant claims that the court's oral colloquy did not meet the mandatory requirements of Pennsylvania Rule of Criminal Procedure 590(B)(2),[9] specifically that the court failed to ask him whether he was aware "that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement." *Id.* (referencing Pa.R.Crim.P. 590 cmt.).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and internal quotation marks omitted).

In *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999), the Pennsylvania Supreme Court stated:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

---

[9] "The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2).

*Id.* (citations omitted); *accord Commonwealth v. Robinson*, \_\_\_\_ A.3d \_\_\_\_, 2018 PA Super 109, 2018 WL 2041425, at \*6 (filed May 2, 2018) (*en banc*). "[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quotation marks and citations omitted).

A valid guilty plea colloquy must delve into six areas: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the maximum sentencing ranges; and (6) the plea court's power to deviate from any recommended sentence. *See Commonwealth v. Flanagan*, 854 A.2d 489, 500 & n.8 (Pa. 2004); Pa.R.Crim.P. 590 cmt.

> In determining whether a guilty plea was entered knowingly and voluntarily, . . . a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in [Rule 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citations omitted); *see also* Pa.R.Crim.P. 590 cmt. A "person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, Appellant's claim that his colloquy was defective because the court, during its oral colloquy, failed to inquire as to his awareness "that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement" is misplaced. The written guilty plea colloquy explicitly includes such a statement, and Appellant signed the colloquy in the court's presence. N.T. Guilty Plea Hr'g at 39-41. Thus, Appellant's claim that plea counsel was ineffective lacks arguable merit. *See Bedell*, 954 A.2d at 1212-13.

*Second Argument*

Second, Appellant argues the plea was involuntary given his numerous requests to proceed to trial. Appellant's Brief at 8-9. Appellant suggests that he was coerced into entering a plea, and in support, he quotes the following exchange from the guilty plea hearing:

The Court: Is that a fair account of what happened?

[Appellant]: Can I confer with my attorney?

The Court: Yes.

(Discussion held off the record between [Appellant] and his counsel)

[Appellant]: I disagree –

The Court: We have a jury in the back.[10]

_____

[10] Appellant's negotiated plea hearing took place on the day that his jury trial was scheduled to begin.

[Counsel for Appellant]: He was going to qualify that statement. Can you let him finish?

The Court: Go ahead.

[Appellant]: I agree with some of the accusations but I think it's a fair account.

The Court: I will ask the question again. Did you hear the representation made by the [Commonwealth]?

[Appellant]: Yes.

The Court: Is that a fair account of what happened?

[Appellant]: Again, I disagree –

The Court: Let's go to trial.

[Appellant]: Yes, your Honor.

The Court: Sir, I am not here to play games. If you wish to enter into a negotiated guilty plea, fine, I will accept the plea. The [Commonwealth] has summarized the evidence against you. My question was: Was that a fair account of what happened? What's your answer?

[Appellant]: Yes.

The Court: Are those the facts you are pleading guilty to?

[Appellant]: Yes.

The Court: Are you pleading guilty because you are guilty?

[Appellant]: I am pleading guilty because it's in my best interest, your Honor.

The Court: You're telling me that you're not guilty, that you did not have sexual intercourse with her by force or threat against her will?

[Appellant]: Yes.

The Court:  You're telling me that you did not have sexual intercourse with the complainant by force or threat against her will?

[Appellant]:  No.

The Court:  I will try this one more time.  Are you pleading guilty to the aforementioned offenses, rape and intimidation of a witness because you are guilty; "Yes" or "No"?

[Appellant]:  Yes, your Honor.

N.T., Guilty Plea Hr'g at 34-36.  Based on this exchange, Appellant argues "the trial court consistently pressed [sic] the Appellant to accept a plea of guilty."  Appellant's Brief at 10.

In **Commonwealth v. Johnson**, 875 A.2d 328 (Pa. Super. 2005), this Court addressed whether the trial court improperly pressured the defendant into accepting a guilty plea.  In **Johnson**, the following transpired:

Twelve pages of the hearing transcript document the court's persistent advisements, which included the following:  that the Commonwealth's function was to protect Appellant's best interest; that the offer on the table was among the best he had ever witnessed as a jurist; that Appellant would be "extremely fortunate" if his other appeal garnered a new trial, let alone arrest of judgment, and that the new trial would likely end in another conviction with the possibility of consecutive sentences instead of the present offer's guarantee of a concurrent sentence; that [the defendant] was "fortunate to have such a cooperative D.A., he has taken into consideration that sentence in Delaware County"; and that [the defendant] would only be fifty-eight years old when he completes his thirty year sentence, and life would "go on." The court also criticized [the defendant] for "squabbling over two more years which has no impact whatsoever in what's going to go on in your life because of the sentence in Delaware County."  When Appellant agreed to plead guilty, the court declared "I think you made a wise decision, sir. . . ."  The court then imposed a sentence of ten to twenty years' imprisonment to run concurrently to his Delaware County sentence.

- 10 -

*Id.* at 330 (footnote and citations omitted).

The *Johnson* Court explained:

It is settled that a plea entered on the basis of a sentencing agreement in which the judge participates cannot be considered voluntary. Indeed, a trial judge is forbidden from participating in any respect in the plea bargaining process prior to the offering of a guilty plea. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. The unquestioned pressure placed on the defendant because of the judge's unique role inevitably taints the plea.

*Id.* at 331-32 (citations, quotation marks, and ellipses omitted). Based on the trial court's "persistent advisements," the *Johnson* Court held that the defendant's guilty plea was involuntary and vacated the judgment of sentence. *Id.* at 332.

Instantly, we have reviewed the disputed passage and discern no basis for reversal. *See id.* The trial court, unlike the trial court in *Johnson*, was questioning Appellant for clarification on whether he was pleading guilty or not. *Cf. id.* at 330. In contrast to the trial court in *Johnson*, the court here did not engage Appellant at length in an attempt to persuade him to accept the plea—the court here did not even discuss the terms of the plea. *Cf. id.* In our view, the trial court did not participate in the plea process, pressure Appellant, or otherwise coerce the entry of his plea.

*Third, Fourth, and Fifth Arguments*

Third, Appellant claims he was not advised of his appellate rights. Appellant's Brief at 11. We disagree. The record shows that Appellant was

apprised of his appellate rights and stated that he understood them on the record. *See* N.T. Guilty Plea Hr'g at 60-63.

Fourth, Appellant raises a claim of actual innocence for rape, specifically that the victim was treated for gonorrhea, which he alleges he does not have. Appellant's Brief at 11. To the extent this claim can be construed as a challenge to the validity of his guilty plea, his claim does not entitle him to relief. *See Bedell*, 954 A.2d at 1216.

Lastly, Appellant asserts that all prior counsel, including PCRA counsel, were ineffective by failing to raise these arguments.[11] Because we discern no error, Appellant is not entitled to relief. *See Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."); *see also Barndt*, 74 A.3d at 192 (holding defendant must establish he would not have pleaded guilty but for plea counsel's error).

**Appellant's Second Issue: Lack of PSI**

In his second claim, Appellant contends that plea counsel was ineffective for failing to object when the trial court did not order a PSI, and that the decision was made without Appellant's knowledge. Appellant, however, did

---

[11] We address Appellant's claim that PCRA counsel's *Turner*/*Finley* letters were inadequate for failing to include these issues in our discussion of Appellant's third issue.

not raise this issue in his *pro se* PCRA petition or in his Rule 907 response. Thus, this issue is waived.[12]

Moreover, we find no merit to Appellant's claim. The record demonstrates that counsel waived the PSI in Appellant's presence at the plea hearing. N.T. Guilty Plea Hr'g at 43. Additionally, since the trial court imposed the negotiated sentence, no further purpose would have been achieved by a PSI.

**Appellant's Third and Fourth Issues: Ineffective PCRA Counsel**

For his third claim, Appellant argues that PCRA counsel was ineffective. First, according to Appellant, PCRA counsel's ***Turney/Finley*** letter was defective because it did not include all of the issues he raised and did not identify what counsel reviewed. Appellant's Brief at 6. Second, Appellant contends that counsel "failed to properly amend and/or supplement [his] inarticulately drafted *pro se* PCRA." Appellant's Brief at 6-7.

For his fourth claim, Appellant again alleges that counsel's ***Turner/Finley*** letter was defective, as it did not include all of the issues that Appellant raised in his *pro se* petition. ***Id.*** at 14. He also contends that he

---

[12] Appellant incorrectly concludes that he preserved this issue by raising it in an application for remand with this Court. However, "[i]ssues not raised before the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

had the right to independent appellate counsel. Because Appellant's third and fourth claims are related, we will address them together.

It is well settled that a PCRA petitioner has a right to counsel on his first petition. *Commonwealth v. Lindsey*, 687 A.2d 1144, 1145 (Pa. Super. 1996). However, court-appointed counsel is not obligated to pursue meritless claims. Thus, to effect a petitioner's right to counsel in a first PCRA proceeding, PCRA counsel must file either an amended PCRA petition or seek withdrawal under *Turner*/*Finley*. *Commonwealth v. Burkett*, 5 A.3d 1260, 1277 (Pa. Super. 2010).

Counsel seeking to withdraw under *Turner*/*Finley* must review the case zealously. *See Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). Then, counsel must submit a "no merit" letter to the trial court (1) detailing the nature and extent of counsel's diligent review of the case; (2) listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit; and (3) requesting permission to withdraw. *Id.* at 510-11. Counsel must also send the petitioner (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. *Id.* at 511.

Where PCRA counsel's no-merit letter satisfies the technical requirements of *Turner*/*Finley*, the PCRA court must conduct an independent review of the merits of the case. *Id.* If the court agrees with counsel that

the claims are without merit, the court may permit counsel to withdraw and deny relief without a hearing. *Id.*

Here, PCRA counsel properly filed a *Turner*/*Finley* no-merit letter, which thoroughly discussed Appellant's arguments set forth in his *pro se* PCRA petition and found that they lacked merit. *See Turner*/*Finley* Letter, 4/28/16, at 1. Counsel also filed a supplemental *Turner*/*Finley* letter that addressed each of the claims raised in Appellant's 907 response that did not relate to PCRA counsel's own ineffectiveness. *See Finley* Letter Suppl., 8/15/16, at 1. Counsel also forwarded Appellant a copy of both *Turner*/*Finley* letters, a copy of his petition to withdraw and a statement advising Appellant of the right to proceed *pro se* or with new counsel. Therefore, Appellant's argument that counsel's no-merit letter did not comply with *Turner*/*Finley* is meritless. *See Burkett*, 5 A.3d at 1277; *Muzzy*, 141 A.3d at 510-11.

The PCRA court also conducted an independent review of the record and determined that Appellant's claims were without merit. Based on our review of the record, we agree with counsel's and the court's conclusion that Appellant's underlying claims lack merit. Given that Appellant's underlying claims lack merit, PCRA counsel was not ineffective for failing to raise them. *Taylor*, 933 A.2d at 1042. Similarly, Appellant's claim that he was entitled to new PCRA counsel fails. *See Rykard*, 55 A.3d at 1183 n.1 (noting that once PCRA counsel has been permitted to withdraw pursuant to *Turner*/*Finley*,

new counsel shall not be appointed); *see also Commonwealth v. Maple*, 559 A.2d 953, 956 (Pa. Super. 1989).

Finally, we note that throughout his brief, Appellant makes a general claim that the PCRA court should have held an evidentiary hearing based on the merits of his claim to determine trial counsel's ineffectiveness. However, because we discern no error or abuse of discretion in the court's conclusion that Appellant failed to establish any genuine issue of fact that relief was due on his claims, no further proceedings are necessary. *See* Pa.R.Crim.P. 907(1) *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) ("[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings" (citation omitted)).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18