J-S33006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                   :               PENNSYLVANIA
                                   :
              v.                         :
                                   :
                                   :
KEITH TOLBERT                  :
                                   :
           Appellant         :    No. 1168 EDA 2017

Appeal from the PCRA Order March 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013923-2013

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:                **FILED AUGUST 27, 2018**

Keith Tolbert appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County, entered March 13, 2017, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1] Earl G. Kauffman, Esquire, was appointed to represent Tolbert on June 22, 2016, and there is no indication on the docket or in the certified record that counsel was granted permission to withdraw. Accordingly, we remand for a hearing to clarify the status of PCRA counsel's representation of Tolbert.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

On April 9, 2015, Tolbert pleaded guilty to murder of the third degree, conspiracy to commit robbery, and abuse of corpse.[2]  On April 28, 2016, Tolbert *pro se* filed a timely PCRA petition.  On June 22, 2016, the PCRA court appointed PCRA counsel to represent Tolbert.[3]

On August 22, 2016, Tolbert mailed a letter addressed to the director of the PCRA/Post Criminal Trial Unit for Philadelphia County, stating that PCRA counsel had not contacted him.[4]  On December 7, 2016, Tolbert filed a motion requesting that new counsel be appointed, because present PCRA counsel had never corresponded nor otherwise contacted him.

On January 19, 2017, PCRA counsel filed a letter on the record addressed to the PCRA court with the case name, case number, and "Non-Capital Homicide PCRA Finley[5] Letter-No Merit Letter" in the reference line ("No-Merit Letter").  The No-Merit Letter concluded:  "Based on the above arguments, it is my professional opinion that there are no legal issues of arguable merit.  Present counsel will not file an Amended Petition."  No-Merit Letter, 1/19/2017, at 7.  Nowhere in the No-Merit Letter does PCRA counsel explicitly request permission to withdraw from representation of Tolbert, *see*

---

[2]  18 Pa.C.S. §§ 2502(c), 903, and 5510, respectively.

[3]  The order did not instruct PCRA counsel to file an amended PCRA petition within an allotted time.

[4]  This letter is in the certified record.

[5]  *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988) (*en banc*); *see also Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa. Super. 2014) (requirements for post-conviction counsel to withdraw from representation).

***generally id.***, and PCRA counsel did not file a separate application to withdraw. A certificate of service accompanied the letter, stating that it was served on Tolbert by United States first-class mail on January 19, 2017.

On January 24, 2017, the PCRA court entered a notice pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice") that the PCRA petition "will be dismissed without further proceedings" on February 13, 2017. The Rule 907 Notice continued:

> (1)    Your attorney has determined that the issues raised in your *pro se* petition are without merit. See counsel's letter pursuant to ***Commonwealth v. Finley***, 379 Pa.Super. 390, 550 A.2d 213 (1988).
>
> (2)    The Court, after review of the record, accepts the Finley letter and finds that the PCRA Petition [sic]
>
> (3)    The issues raised in your PCRA petition are without arguable merit.

Notice Pursuant to Pa.R.Crim.P. 907, 1/24/2017.

On January 31, 2017, Tolbert filed *pro se* objections to the Rule 907 Notice, in which he stated that he never received a copy of the No-Merit Letter from PCRA counsel. Obj. to Notice Pursuant to Pa.R.Crim.P. 907, 1/31/2017, at ¶ 1.[6]

On March 13, 2017, the PCRA court entered an order dismissing the PCRA petition, which appears below in its entirety:

---

[6] On February 17, 2017, Tolbert also filed *pro se* an "Objection to Notice of ***Finley*** Letter"; however, it is unclear whether Tolbert had finally received a copy of the No-Merit Letter or if this filing was a second, separate response to the Rule 907 Notice.

> AND NOW, this 13th day of March, 2017, pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §9541, *et seq*, it is hereby **ORDERED** and **DECREED** that following an independent review of the matter, and upon consideration of PCRA counsel's "no-merit letter" filed in accordance with **Commonwealth v. Turner**, 544 A.2d 927(Pa. 1988) and **Commonwealth v. Finley**, 550 A.213 [sic] (Pa. Super. 1998), the Petitioner's petition for post-conviction relief is **DISMISSED**.
>
> The Petitioner has thirty (30) days from the date of this Order in which to file an appeal to the Superior Court of Pennsylvania if desired. Petitioner may proceed *pro se* or with retained counsel; no new counsel is to be appointed. If Petitioner is *in forma paurperis*, that status is to continue.

Order, 3/13/2017 (emphasis in original). The PCRA court never specifically granted or denied permission for PCRA counsel to withdraw his appearance in the Rule 907 Notice, in the order of March 13, 2017, or in a separate order. On March 31, 2017, Tolbert filed a *pro se* notice of appeal to this Court.

Since the PCRA court never explicitly granted or denied permission for PCRA counsel to withdraw his appearance, the record is remanded to the PCRA court for a period of time not to exceed 30 days, during which time the PCRA court shall determine whether Tolbert is still represented by counsel and shall notify this Court of its determination.[7]

Case remanded for a period of time not to exceed 30 days for further proceedings to determine the status of Tolbert's counsel. Panel jurisdiction retained.

---

[7] A petitioner has an absolute right to counsel on his first PCRA petition, "regardless of the merits of his claim." **Commonwealth v. Lindsey**, 687 A.2d 1144, 1145 (Pa. Super. 1996); **see also** Pa.R.Crim.P. 904(A).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/27/18</u>