J-S44033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER KISTLER, | : | |
| | : | |
| Appellant | : | No. 3828 EDA 2017 |

Appeal from the PCRA Order November 7, 2017
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-0003428-2005

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 31, 2018**

Peter Kistler ("Kistler"), *pro se*, appeals from the Order denying his first

Petition filed under the Post Conviction Relief Act ("PCRA"), *see* 42 Pa.C.S.A.

§§ 9541-9546, and his Motion for the Appointment of Counsel. We vacate the

Order and remand for the appointment of counsel.

The PCRA court set forth the relevant history underlying this appeal as

follows:

> On May 30, 2006, … Kistler[] entered a guilty plea to
> Attempting to Lure a Child Into a Motor Vehicle. … [Kistler,]
> during the guilty plea [colloquy,] acknowledged that he was aware
> of the consequences of being found to be a sexually violent
> predator. … At the conclusion of [a] hearing, [Kistler] was found
> to be a sexually violent predator. He was then sentenced to not
> less than twenty-four (24) months nor more than sixty (60)
> months in a state correctional institution.
>
> [Kistler] subsequently filed an appeal contesting his
> classification as a sexually violent predator. Counsel was
> appointed to represent him, and his judgment of sentence was
> affirmed by the Superior Court,[FN 1] and his "Petition for Allowance
> of Appeal" was denied by the Supreme Court.[FN 2]

[FN 1] ***Commonwealth v. Kistler***, 944 A.2d 794 (Pa. Super. 2007).

[FN 2] ***Commonwealth v. Kistler***, 951 A.2d 1162 (Pa. 2008).

On September 19, 2017, [Kistler] filed a [P]etition[,] which he called a "Post-Conviction Relief Act Petition[,[1]]" … alleging he is entitled to the relief dictated by ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017)[,[2] and invoking the newly-recognized constitutional right exception to the PCRA's one-year time bar.] The [P]etition attempts to allege that SORNA is being applied to him retroactively as a past sexual offender, and … suggests it also "places a unique burden on [his] rights to reputation and undermines the finality of sentence …."

* * *

On September 19, 2017, [Kistler] also filed a "Motion for Appointment of Counsel." [Kistler,] in that request[,] was not challenging his conviction, but seeking the appointment of counsel to "address" the lifetime registration requirements under SORNA. On November 7, 2017, [Kistler's] PCRA [P]etition and [M]otion for counsel were denied.

PCRA Court Opinion, 1/5/18, at 1-3 (two footnotes in original, two added; citations and paragraph breaks omitted).

Kistler timely filed a *pro se* Notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

---

[1] Notably to the instant appeal, this was Kistler's first PCRA Petition.

[2] In ***Muniz***, our Supreme Court held that the registration requirements set forth in the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, constitute criminal punishment, and therefore, their retroactive application violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. ***Muniz***, 164 A.3d at 1193.

In his *pro se* brief, Kistler presents three issues for our review, which we incorporate herein by reference, **see** Brief for Appellant at 5. They include a challenge to the PCRA court's failure to appoint Kistler, an indigent prisoner,[3] counsel to represent him in connection with his first PCRA Petition. This issue is dispositive of the instant appeal.

In its Opinion, the PCRA court addressed this matter as follows:

> [Kistler's] [P]etition may be labeled as a PCRA petition, but his claims are not cognizable under the PCRA. **See Commonwealth v. Masker**, 34 A.3d 841 (Pa. Super. 2011) ([stating that a c]hallenge to the process by which someone is classified as a sexually violent predator is not a challenge to a conviction or sentence and is not cognizable under the PCRA); **Commonwealth v. Williams**, 977 A.2d 1174 (Pa. Super. 2009) ([stating that the r]eporting requirements of Megan's Law II are not "a sentence of imprisonment, probation or parole for the crime" for which PCRA may provide relief, but rather a collateral consequence of conviction).
>
> Additionally, a review of [Kistler's] [P]etition does not disclose any claims regarding ineffectiveness of counsel or that his guilty plea was not voluntary. Instead, the relief [Kistler] is seeking is solely to bring his sex offender registration period under the **Muniz** umbrella. **See Commonwealth v. Leidig**, 956 A.2d 399, 406 (Pa. 2008) ([stating that] sex offender registration

---

[3] Initially, we are unable to determine from the record before us whether Kistler, who filed this appeal while confined at SCI-Somerset, is still serving a prison sentence in connection with his instant criminal case. The PCRA court did not clarify this matter, which implicates Kistler's eligibility for PCRA relief. However, we acknowledge that Kistler, in his *pro se* PCRA Petition, alleges that, due to multiple parole violations, he never commenced serving his prison sentence of two to five years imposed in this case in 2006. Under 42 Pa.C.S.A. § 9543(a)(1)(i), to be eligible for PCRA relief, a PCRA petitioner must be currently serving a prison sentence or be on probation or parole for the crime. **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **see also Commonwealth v. Fisher**, 703 A.2d 714, 716 (Pa. Super. 1997) (explaining that the PCRA "preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.").

requirement was a collateral consequence of defendant's plea, and the failure of the trial court to accurately advise the defendant of this registration deviation did not provide grounds for relief).

This [c]ourt recognizes that if [Kistler's] [P]etition was properly brought under the PCRA, the rules pertaining to post-conviction collateral proceedings require counsel to be appointed. **See** Pa.R.Crim.P. 904([C]) [(mandating that an indigent petitioner shall be appointed counsel to represent him or her on a first PCRA petition)]; **Commonwealth v. Ramos**, 14 A.3d 894, 895 (Pa. Super. 2011). However, the absence of a cognizable claim under the PCRA does not require the appointment of counsel. **Commonwealth v. Beasley**, 678 A.2d 773, 778 (Pa. 1996)[] ([stating that] "[t]he accused has a constitutional right to counsel on direct appeal, but not in state collateral proceedings."); **see also Commonwealth v. Priovolos**, 715 A.2d 420, 421-22 (Pa. 1998). It was not an abuse of discretion to deny [Kistler's] [M]otion for the appointment of counsel to litigate his sex offender registration period.

PCRA Court Opinion, 1/5/18, at 8-9.

Essentially, the PCRA court believes that because the claims that Kistler raised in his Petition are purportedly not cognizable[4] under the PCRA, his Petition may not be considered a PCRA petition, and thus, Kistler was not entitled to have counsel appointed. **See id.**; **accord Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001) (reversing the determination of the PCRA court that, due to the nature of the *pro se* petitioner's claims, his petition could not be considered a first PCRA petition and, therefore, "since there were no valid PCRA claims before the court, there

---

[4] Because of our disposition herein, we need not address the cognizability of Kistler's claims or the timeliness of his PCRA Petition.

was no basis to appoint counsel." (citation and internal quotation marks omitted)). We disagree.

In **Kutnyak**, the panel rejected the PCRA court's determination:

> To the contrary, the petition must be considered a PCRA petition,[5] and counsel must be appointed to represent [a]ppellant. Our Supreme Court held in **Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d 693 (1998), that an unrepresented petitioner who is indigent has a right to court-appointed counsel to represent him on his first PCRA petition[; s]ee also **Commonwealth v. Quail**, 1999 PA Super 62, 729 A.2d 571 (Pa. Super. 1999). "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." **Albrecht**, **supra**, at 43, 720 A.2d at 699 (citing **Commonwealth v. Duffey**[,] 551 Pa. 675, 713 A.2d 63 (1998)). The PCRA court may not first evaluate the merits of the petition, as was done in this case, and then deny the appointment of counsel because the petition lacks merit. To do so undermines the very purpose of appointing counsel and thwarts the intent of the Legislature in providing counsel to indigent petitioners in collateral proceedings. **See generally, Commonwealth v. Hampton**, 718 A.2d 1250, 1253-1254 (Pa. Super. 1998). The issue of whether the petitioner is entitled to relief is another matter entirely, which is to be determined after the appointment of counsel and the opportunity to file an amended petition.
>
> Therefore, as this is [a]ppellant's first PCRA petition, he is entitled to counsel to represent him **despite** any apparent untimeliness of the petition or **the apparent non-cognizability of the claims presented**. **Hampton**, 718 A.2d at 1253 (holding that appointment of counsel is necessary despite the apparent untimeliness of petition)[; s]ee also **Commonwealth v. Guthrie**, 2000 PA Super 77, 749 A.2d 502, 504 (Pa. Super. 2000) (holding there is no need to formally request counsel on a first PCRA petition, since counsel will be appointed) (citing **Commonwealth v. Ferguson**, 722 A.2d 177 (Pa. Super.

_____

[5] This Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (citation and ellipses omitted).

1998)).  Therefore, we are constrained to vacate and remand this matter for the appointment of counsel to represent [a]ppellant.

*Kutnyak*, 781 A.2d at 1262 (footnote and emphasis added); *see also Commonwealth v. Smith*, 818 A.2d 494, 500-01 (Pa. 2003) (upholding *Kutnyak* and its line of cases, and "conclud[ing] that Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply."); *Commonwealth v. Lindsey*, 687 A.2d 1144, 1144-45 (Pa. Super. 1996) (emphasizing that the identical predecessor to Pa.R.Crim.P. 904(C) requires that a PCRA petitioner be appointed counsel for his or her first PCRA petition, *regardless* of the merits of the claims).

Based on the foregoing, the PCRA court in the instant case erred in failing to appoint Kistler PCRA counsel and determining that "the absence of a cognizable claim under the PCRA does not require the appointment of counsel."  PCRA Court Opinion, 1/5/18, at 9; *see also Kutnyak*, *supra*. Hence, we vacate the PCRA court's Order and remand for the appointment of counsel, who may then file a counseled PCRA petition on Kistler's behalf. Further, on remand, the PCRA court must initially determine whether Kistler is still eligible for PCRA relief.  *See* 42 Pa.C.S.A. § 9543(a)(1)(i).

Order vacated.  Case remanded for appointment of counsel.  Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/18