COMMONWEALTH of Pennsylvania,
Appellee,

v.

Heath R. WALKER, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 13, 1998.

Filed Nov. 24, 1998.

Heath R. Walker, appellant, pro se.

David J. Kaltenbaugh, Asst. Dist. Atty., Ebenburg, Com., appellee.

Before JOYCE, LALLY–GREEN and BROSKY, JJ.

JOYCE, J.:

Appellant, Heath R. Walker appeals, *pro se*, from the November 4, 1997 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–§ 9546.[1] For the reasons set forth below, we vacate this order and remand for the appointment of counsel. The relevant facts and procedural history of this case are as follows.

■ On January 13, 1993, a jury found Appellant guilty of three counts of possession of a controlled substance with the intent to deliver, three counts of criminal conspiracy, and two counts of possession of a controlled substance. Appellant was sentenced on December 29, 1993 to twenty (20) to forty (40) years' imprisonment, and judgment of sentence was affirmed by this Court. *Commonwealth v. Walker*, 440 Pa.Super. 637, 654 A.2d 603 (1994) (memorandum filed October 24, 1994). No further appeal was taken. On October 29, 1997, Appellant filed a PCRA petition, *pro se*, alleging various instances of counsel's ineffectiveness and requesting the appointment of counsel. The lower court summarily denied Appellant's petition on November 4, 1997 reasoning that the petition was untimely filed. Thereafter, on December 12, 1997, appellant petitioned the court to

---

1. The provisions of the PCRA were amended by the Act of November 17, 1995, P.L. 1118, No. 32, § 1. Appellant's petition, filed October 29, 1997, will be evaluated under the amended version of the PCRA. *See* Act of November 17, 1995, P.L. 1118, No. 32, § 3(1) (providing that the amendments to sections 9542–9546 shall apply to petitions filed after the effective date of the act) and § 4 (act shall take effect in sixty days).

proceed *in forma pauperis*, but as of this writing, the court has not ruled on the request. This is an appeal from the November 4, 1997 order denying PCRA relief.[2]

On appeal, Appellant raises various claims of counsel's ineffectiveness, and also challenges the PCRA court's decision to dismiss his petition without first appointing counsel and/or conducting an evidentiary hearing. Because we find that the PCRA court erred by failing to rule on the appointment of counsel, and therefore remand this matter to the trial court, we shall not address the merits of Appellant's remaining claims.

■■■ Our standard of review of a post-conviction court's grant or denial of relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error. *Commonwealth v. Morales*, 549 Pa. 400, 407, 701 A.2d 516, 520 (1997). We will not disturb findings that are supported by the record. *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (Pa.Super.1996), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997).

Pursuant to the amended version of the PCRA under 42 Pa.C.S.A. § 9545(b)(1), any petition, including second or subsequent petition, must be filed within one year of the date the judgment of sentence became final, unless one of the exceptions set forth in section 9545(b)(1)(i)-(iii) applies. The judgment of sentence in the case at bar became final when Appellant sought review and a panel of this Court affirmed. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review). Appellant's post-conviction petition was not filed until October 29, 1997, nearly three (3) years after the judgment of sentence became final.

The legislature carved out an exception in cases where the judgment of sentence became final prior to the effective date of the amendments. Pursuant to this exception, a first petition filed within one (1) year of the effective date of the act will be deemed timely. *See* Act of November 17, 1995, P.L. 1118, No. 32, § 3(1). Appellant does not fall under this limited exception as his petition was filed well beyond this one-year period.

The trial court denied Appellant's petition without a hearing and without appointing counsel finding it was untimely pursuant to the provisions cited above. While we agree with the PCRA court's determination that the petition appears untimely on its face, we are constrained to remand this matter for a ruling on the appointment of counsel and appointment if warranted to provide Appellant with his rights to counsel on a first PCRA petition.

■■■ An indigent Appellant is entitled to counsel on his first petition for PCRA relief pursuant to Pa.R.Crim.P. 1504. This provision must be read in conjunction with Pa.R.Crim.P. 1507 which allows a court to summarily dismiss a PCRA petition if it finds that there is no genuine issue of fact entitling Appellant to relief. We have held "[r]ule 1504(a) allows an indigent defendant the opportunity to secure the appointment of counsel to aid him in the completion of his first petition seeking post-conviction collateral relief, regardless of the merits of his claim." *Commonwealth v. Peterson*, 453 Pa.Super.

---

**2.** The Commonwealth filed a motion to quash Appellant's appeal on the basis that his notice of appeal from the November 4, 1997 PCRA order, filed December 12, 1997, was untimely. The motion was denied, without prejudice, by order dated June 3, 1998. We once again find that Appellant's notice of appeal was filed in a timely fashion.

Contained in the record is a letter from the Appellant, addressed to the Cambria County Clerk of Courts Office and dated December 8, 1997, wherein he avers that the appeal is timely filed because the order advising him that PCRA relief had been denied was not mailed to him until November 12, 1997. As proof thereof, Appellant attached to his correspondence a copy of an envelope bearing a postmark of November 12, 1997, in which he alleges the copy of the order denying relief was contained. Because there is no indication in the docket indicating when the order in question was mailed to appellant, this panel has chosen to believe Appellant's averment, and therefore finds that his appeal from the PCRA order denying relief was timely filed. *See Commonwealth v. Gordon*, 438 Pa.Super. 166, 652 A.2d 317 (Pa.Super.1994), *affirmed*, 543 Pa. 513, 673 A.2d 866 (1996).

271, 683 A.2d 908, 911 (Pa.Super.1996). Accordingly, the mandates of Rule 1504 must be read consistently with those of Rule 1507 and the court's power to dismiss a first PCRA petition must yield to the Appellant's rights to counsel.

This reasoning holds true in spite of the untimely nature of the petition. Appellant should have the benefit of having counsel review his claim to determine whether any of the exceptions delineated in Section 9545(b) of the PCRA act apply.[3] Counsel can then decide to proceed or not based on the merits of Appellant's contentions.

Prior to the appointment of counsel, however, the trial court must rule on Appellant's request to proceed *in forma pauperis*. Upon finding the Appellant is indigent, we direct counsel be appointed to represent Appellant on his first PCRA petition. In the unlikely event the court finds Appellant is not indigent and thus not entitled to counsel, we would affirm the trial court's November 4, 1997 order on the basis that Appellant's petition is untimely.

Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

**3.** Section 9545(b) of the Act requires that a PCRA petition be filed within one year of the date judgment becomes final. This requirement is subject to three exceptions which would excuse untimely filing: (1) interference by government officials; (2) realization of facts previously unknown to Appellant, which could not have been determined with due diligence; or (3) the assertion of a constitutional right recognized by the court after the time period provided by this section had expired and has been held to apply retroactively.