J-S34022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| WILLIAM RANKINS | |
| Appellant | No. 3235 EDA 2016 |

Appeal from the PCRA Order Dated September 8, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002037-2004

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY SOLANO, J.:                    **FILED JULY 10, 2017**

Appellant, William Rankins, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate and remand.

The facts and procedural history of this case have been fully and correctly set forth in this Court's opinion on direct appeal dated March 20, 2007, and the PCRA court's opinion dated October 27, 2016.  ***See Commonwealth v. Rankins***, No. 39 EDA 2006, at 2-11 (Pa. Super. Mar. 20, 2007); PCRA Ct. Op. at 1-2.

On March 18, 2016, Appellant filed his first PCRA petition.  It is undisputed that the PCRA court did not appoint counsel for this first PCRA petition.  That was error.

_____

[*] Retired Senior Judge assigned to the Superior Court.

A petitioner has an absolute right to counsel on his first PCRA petition, "regardless of the merits of his claim." *Commonwealth v. Lindsey*, 687 A.2d 1144, 1145 (Pa. Super. 1996); *see also* Pa.R.Crim.P. 904(A). "Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999) (citation omitted); *see also Commonwealth v. White*, 871 A.2d 1291, 1294 (Pa. Super. 2005). "[W]here an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." *Commonwealth v. Tedford*, 781 A.2d 1167, 1170 (Pa. 2001) (citation omitted). "[E]ven where a PCRA petition appears untimely, an indigent petitioner is entitled to counsel in order that a determination may be made as to whether any of the exceptions to the time limitation of section 9545(b)[1] apply to the circumstances surrounding his convictions." *Commonwealth v. Ferguson*, 722 A.2d 177, 179 (Pa. Super. 1998); *see also Commonwealth v. Ramos*, 14 A.3d 894, 895 (Pa. Super. 2011) ("a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition

_____

[1] This section, 42 Pa.C.S. § 9545(b)(1), provides that "Any petition under [the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petition alleges and the petitioner proves the applicability of one of three exceptions.

is timely or whether any exception to the normal time requirements is applicable").[2] "[T]he [PCRA] court's power to dismiss a first PCRA petition must yield to the [a]ppellant's rights to counsel." ***Commonwealth v. Walker***, 721 A.2d 380, 382 (Pa. Super. 1998).

Thus, we vacate and remand for further proceedings. ***See Kenney***, 732 A.2d at 1165 (Pa. 1999) (Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry). Upon remand, the PCRA court must appoint counsel to assist Appellant; such assistance may include the filing of an amended PCRA petition. If Appellant wishes to proceed *pro se*, a ***Grazier***[3] hearing is required.

Order vacated. Case remanded for proceedings consistent with this judgment order. Jurisdiction relinquished.

---

[2] Appellant's petition did not invoke any of the exceptions to the PCRA's time limitation. However, on May 27, 2016, Appellant filed a response to the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, in which he contended that an exception at 42 Pa.C.S. § 9545(b)(1)(ii) (reliance on facts unknown to the petitioner that could not have been ascertained with due diligence) applied to the circumstances surrounding his conviction.

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017