J-S21023-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER PITZARELLA | : | |
| | : | |
| Appellant | : | No. 1260 WDA 2019 |

Appeal from the Order Entered July 31, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001375-2013

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                    FILED MAY 22, 2020

Appellant, Christopher Pitzarella, appeals pro se from the July 31, 2019 Order entered in the Washington County Court of Common Pleas denying his Motion for Time Credit and Corrected Commitment.  After careful review, we vacate and remand.

On July 29, 2014, Appellant pleaded guilty to one count of Robbery-Threat of Immediate Serious Injury, 18 Pa.C.S. § 3701(a)(1)(ii).  That same day, the trial court sentenced Appellant to a term of 11 1/2 to 23 months' incarceration followed by 5 years' probation.  The court awarded Appellant credit for time served and ordered Appellant to obtain drug and alcohol treatment.[1]

_____

[1] Appellant also entered guilty pleas at Docket Numbers 983-2013 and 3041-2013 to charges of Robbery and Access Device Fraud for which the court

Appellant violated his parole, and the trial court resentenced him, in 2015, 2016, and 2018. Relevant to the instant appeal, on June 18, 2018, the trial court revoked Appellant's probation and imposed a sentence of 5 to 10 years' incarceration. The court awarded Appellant credit for time served, which the Department of Corrections calculated as 792 days.[2] Appellant did not file a direct appeal from his Judgment of Sentence. Appellant's Judgment of Sentence, thus, became final on July 18, 2018, upon expiration of the time to file a direct appeal. See Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On July 9, 2019, Appellant filed pro se a Motion for Time Credit and Corrected Commitment.[3] In it, he claimed that the Commonwealth undercounted his time served when awarding his credit.[4] Motion, 7/9/19. He asserted entitlement to an additional 671 days for time served. Id. On July 31, 2019, the trial court denied Appellant's Motion.

This appeal followed.[5] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

_____

imposed concurrent terms of 11 1/2 to 23 months' incarceration and 12 months' probation, respectively.

[2] The court also revoked Appellant's sentence at Docket Number 983-2018 and resentenced Appellant to 10 years' probation.

[3] He also filed this Motion at Docket Number 983-2018.

[4] A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence. Commonwealth v. Menezes, 871 A.2d 204, 207 (Pa. Super. 2005).

[5] Appellant has only appealed from the denial of his Motion for Time Credit and Corrected Commitment at Docket Number 1375-2013.

Appellant raises the following issues on appeal:

1. Is the court abusing its discretion in not awarding [A]ppellant time credit for time spent in custody prior to sentencing thus making [A]ppellant[']s sentence illegal? Specifically, on original case and (3) probation revocations where [A]ppellant spent time in custody and the court failed to award him credit in accordance with 42 Pa.C.S. § 9760(2).

2. Is the court abusing its discretion in denying [A]ppellant's [M]otion for [T]ime [C]redit as already granted? It is well-established that all motions filed after judgment of sentence is final are to be construed as [PCRA] petitions. Thus, [A]ppellant has a (DC16E-Sentence Status Summary) stating in Sentence Structure Commitment Credit none of the time being asked for was credited.

Appellant's Brief at 5.

Before we consider the merits of Appellant's claim, we must address whether this appeal is properly before us.

It is well-settled that a trial court is to construe any motion filed after a defendant's judgment of sentence becomes final as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011). Accordingly, the trial court was required to treat Appellant's Motion for Time Credit and Corrected Commitment as a first PCRA Petition, but failed to do so.

A petitioner has an absolute right to counsel on his first PCRA petition, "regardless of the merits of his claim." Commonwealth v. Lindsey, 687 A.2d 1144, 1145 (Pa. Super. 1996); see also Pa.R.Crim.P. 904(C). "Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel

- 3 -

to prosecute the PCRA petition." Commonwealth v. Kenney, 732 A.2d 1161, 1164 (Pa. 1999) (citation omitted); see also Commonwealth v. White, 871 A.2d 1291, 1294 (Pa. Super. 2005). "[W]here an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." Commonwealth v. Tedford, 781 A.2d 1167, 1170 (Pa. 2001) (citation omitted). "[T]he [PCRA] court's power to dismiss a first PCRA petition must yield to the [a]ppellant's rights to counsel." Commonwealth v. Walker, 721 A.2d 380, 382 (Pa. Super. 1998).

This Court's review of the trial court docket reveals that the court did not appoint PCRA counsel for Appellant. Thus, we vacate and remand for further proceedings. See Kenney, 732 A.2d at 1165 (the Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry). Upon remand, the PCRA court must appoint counsel to assist Appellant; such assistance may include the filing of an amended PCRA petition. If Appellant wishes to proceed pro se, a Grazier[6] hearing is required.

Order vacated. Case remanded for proceedings consistent with this Judgment Order. Jurisdiction relinquished.

_____

[6] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/22/2020