J-S03028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN JAMES SCHILLING | : | |
| | : | |
| Appellant | : | No. 573 WDA 2020 |

Appeal from the Order Entered May 11, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000308-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN JAMES SCHILLING | : | |
| | : | |
| Appellant | : | No. 574 WDA 2020 |

Appeal from the Order Entered May 7, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000625-2017

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: MARCH 18, 2021**

In these consolidated appeals, Justin James Schilling (Appellant) appeals from the orders denying his *pro se* motion to vacate sentencing order and *pro se* motion for sentence modification.  Because Appellant's motions raise issues that are cognizable under the Post Conviction Relief Act (PCRA),

---

[*] Retired Senior Judge assigned to the Superior Court.

42 Pa.C.S.A. §§ 9541-9546, we conclude the court erred by denying relief without first appointing counsel. Therefore, we vacate the court's orders and remand for further proceedings.

The details of Appellant's underlying convictions are not pertinent. On October 5, 2011, Appellant pled guilty to theft by unlawful taking at docket CP-33-CR-308-2011 (CR 308). After conducting a pre-sentence investigation, the trial court sentenced Appellant to one to two years of incarceration, followed by two years of probation.

After serving his sentence of incarceration and while on probation, Appellant was charged with burglary, theft, receiving stolen property and criminal mischief, docketed at CP-33-CR-625-2017 (CR 625). On February 7, 2018, Appellant pled guilty to these crimes, and the trial court sentenced him to Drug and Alcohol Restrictive Intermediate Punishment, and ordered him to participate in Drug Court. That same day, the trial court also sentenced Appellant at CR 308 to one year of probation to run consecutive to his sentence at CR 625.

On June 1, 2018, Appellant was arrested in Ohio where he was charged with additional crimes. As a result, the court convened a ***Gagnon I***[1] hearing, and found probable cause that Appellant had violated the terms of his supervision. On August 29, 2019, the court conducted a ***Gagnon II*** hearing. At the conclusion of the ***Gagnon II*** hearing, the court revoked Appellant's

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

probation and re-sentenced him at both dockets to an aggregate 8½ to 17 years of incarceration. Appellant was RRRI eligible after 85 months and received credit for time served.

On September 5, 2019, Appellant, who was represented by counsel, filed a *pro se* motion for reconsideration, which the trial court denied the same day. On October 4, 2019, Appellant's attorney filed a motion to withdraw as counsel, asserting that because the period to file a direct appeal had expired, he should be permitted to withdraw. The trial court granted counsel's motion on October 7, 2019.

In the year after Appellant's judgment of sentence became final, Appellant filed numerous *pro se* pleadings that did not reference the PCRA, but sought relief that was only available under the PCRA. The trial court failed to treat these pleadings as PCRA petitions, and summarily denied them without appointing counsel to represent Appellant or conducting a colloquy to determine whether Appellant wished to waive his right to counsel. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011).

In the two *pro se* pleadings underlying this appeal – Appellant's motion to vacate sentencing order filed at CR 308 on May 7, 2020, and motion for sentence modification filed at CR 625 on May 4, 2020 – Appellant claimed he received an illegal sentence. ***See*** Motion to Vacate Sentencing Order dated August 29, 2019, 5/7/20; Motion for Sentence Modification, 5/4/20; ***see also Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("legality of sentence is always subject to review within the PCRA").

The trial court denied relief by orders dated May 11, 2020 and May 7, 2020 respectively. Appellant appealed the denials on May 15, 2020, and May 18, 2020. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

On June 12, 2020, this Court consolidated the appeals *sua sponte*. The same day, we issued a *per curiam* order remanding for the trial court to either appoint counsel for Appellant, or determine if Appellant was knowingly, intelligently, and voluntarily waiving his right to counsel under ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

On July 1, 2020, the trial court informed this Court that it had conducted a ***Grazier*** hearing and appointed counsel to represent Appellant on appeal. Appellant, with the benefit of appellate counsel, now argues that the trial court "misapplied case law and should have accepted both the May 7, 2020 Motion to Vacate Sentencing Order Dated August 29, 2019 at CR 308 - 2011 and the May 4, 2020 Motion for Sentence Modification at CR 625 - 2017 as PCRA petitions." Appellant's Brief at 6. He further asserts:

> Both the motion at CR 308 and at CR 625 should have been regarded as PCRA petitions. [Appellant], then being *pro se* and very unschooled in any aspect of the law was denied the benefit of proper considerations of his motions. This Honorable Superior Court can correct this injustice by now remanding these cases with instruction to accept both motions as PCRA petitions and to have counsel appointed.

***Id.*** at 11.

- 4 -

Appellant is correct. The law provides that a petitioner has an absolute right to counsel on his first PCRA petition, "regardless of the merits of his claim." *Commonwealth v. Lindsey*, 687 A.2d 1144, 1145 (Pa. Super. 1996); *see also* Pa.R.Crim.P. 904(C). "Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999) (citation omitted); *see also Commonwealth v. White*, 871 A.2d 1291, 1294 (Pa. Super. 2005). "[W]here an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." *Commonwealth v. Tedford*, 781 A.2d 1167, 1170 (Pa. 2001) (citation omitted). "[T]he [PCRA] court's power to dismiss a first PCRA petition must yield to the [a]ppellant's rights to counsel." *Commonwealth v. Walker*, 721 A.2d 380, 382 (Pa. Super. 1998).

The fact that the court conducted a colloquy to determine if Appellant was waiving his right to counsel **on appeal** does not excuse its failure to afford Appellant counsel to litigate his claims for PCRA relief. We have held, "where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that right - this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Accordingly, we vacate the court's orders and remand for the court to appoint PCRA counsel. If Appellant expresses a desire to litigate his petition *pro se*, the court shall conduct a ***Grazier*** hearing to ensure that his decision is knowing, intelligent, and voluntary.

Orders vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Dubow joins the memorandum.

Judge Strassburger did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/18/2021