J-S26028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY J STALGAITIS | : | |
| | : | |
| Appellant | : | No. 212 MDA 2021 |

Appeal from the Order Entered January 12, 2021
In the Court of Common Pleas of Schuylkill County
Criminal Division at No. CP-54-CR-0002105-2019

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED SEPTEMBER 10, 2021**

Anthony Stalgaitis (Appellant) appeals *pro se* from the order denying his "Motion for Time Credit."  Because Appellant's motion raised an issue that is cognizable under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, we conclude the court erred by ruling on the motion without appointing counsel.  Therefore, we vacate the order and remand for further proceedings.

On August 25, 2020, Appellant entered a negotiated guilty plea to stalking at docket CP-54-CR-2105-2019 (CR 2105).[1]  The same day, and in accordance with the plea agreement, the trial court sentenced Appellant to 9 to 24 months of incarceration to run concurrently to a sentence imposed at

---

[1] 18 Pa.C.S.A. § 2709.1(a)(1).

docket CP-54-CR-1294-2019 (CR 1294). Appellant did not file a direct appeal.

On December 22, 2020, Appellant filed a *pro se* "Motion for Time Credit" which did not reference the PCRA, but sought relief that was only available under the PCRA. Specifically, Appellant claimed the trial court failed to credit him for time spent in custody prior to sentencing. **See** Motion for Time Credit, 12/22/20; **see also Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) ("[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence."); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("legality of sentence is always subject to review within the PCRA").

The court denied Appellant's request for credit from December 20, 2019 through August 25, 2020, based on its conclusion that the time had been credited to the case at CR 1294, but awarded "credit for time served from October 24, 2019 to November 2, 2019." Order, 1/12/21. Appellant filed a *pro se* notice of appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

On March 23, 2021, this Court issued a *per curiam* order remanding this case for the trial court to determine Appellant's eligibility for court-appointed counsel **on appeal**, and if eligible, to appoint counsel for Appellant. On April 6, 2021, the trial court informed this Court it had appointed Appellant counsel. On April 12, 2021, however, appointed counsel

- 2 -

filed an application to withdraw with this Court, stating that after speaking with Appellant, it was "made clear the fact that [Appellant] desires to represent himself and does not want [counsel] to represent him." Petition to Withdraw as Counsel, 4/12/21, at ¶5. Accordingly, we issued a second *per curiam* remand order for the trial court to conduct a hearing to determine if Appellant was knowingly, intelligently, and voluntarily waiving his right to counsel under ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). On May 3, 2021, the trial court informed this Court it had conducted a ***Grazier*** hearing and Appellant's waiver of counsel was knowing, voluntary and intelligent. ***See*** Order, 5/3/21.

Appellant, *pro se*, raises two issues for our review:

I.   Did the Honorable Judge Baldwin err when denying [Appellant's] request to apply credit for time served to the sentence at information numbers: [CR 1294] and [CR 2105], thus disallowing the state date of both sentences to occur at December 20, 2019, eliminating "true concurrent sentencing" as originally specified within the sentencing order?

II.  Does the plea offer entered into by [Appellant] qualify as a contractual obligation between him and the office of the District Attorney when the structure of [Appellant's] sentence does not match that of the initial plea bargain agreed upon thereby breaching said contractual obligation?

Appellant's Brief at 4.

Before reaching the merits of Appellant's claims, we address the trial court's failure to treat Appellant's "Motion for Time Credit" as a PCRA petition. Although Appellant has indicated his desire to proceed *pro se* on

appeal, it is well-settled that a petitioner has an absolute right to representation in litigating a first petition before the PCRA court, "regardless of the merits of his claim." *Commonwealth v. Lindsey*, 687 A.2d 1144, 1145 (Pa. Super. 1996); *see also* Pa.R.Crim.P. 904(C). "Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999) (citation omitted); *see also Commonwealth v. White*, 871 A.2d 1291, 1294 (Pa. Super. 2005). "[W]here an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." *Commonwealth v. Tedford*, 781 A.2d 1167, 1170 (Pa. 2001) (citation omitted). "[T]he [PCRA] court's power to dismiss a first PCRA petition must yield to the [a]ppellant's rights to counsel." *Commonwealth v. Walker*, 721 A.2d 380, 382 (Pa. Super. 1998).

Here, the fact that the court conducted a colloquy - after remand by this Court - to determine if Appellant was waiving his right to counsel **on appeal**, does not obviate the court's deviation from established law and failure to afford Appellant the opportunity to have representation before the PCRA court. We have held, "where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that right - this Court is required to raise this error *sua sponte* and remand for the PCRA

court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Consistent with the foregoing, we are required to vacate and remand for the court to afford Appellant the opportunity to have counsel appointed before the PCRA court. If Appellant expresses a desire to litigate his petition *pro se*, the court shall conduct a ***Grazier*** hearing to ensure that his decision is knowing, intelligent, and voluntary.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>09/10/2021</u>

- 5 -