J-S25022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM PERCHA :
:
Appellant : No. 1257 WDA 2021

Appeal from the PCRA Order Entered October 4, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001478-2016

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED: OCTOBER 19, 2022**

Appellant, William Percha, appeals from the order entered in the Court of Common Pleas of Fayette County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we vacate and remand.

On January 14, 2020, the trial court sentenced Appellant to 2 to 4 years' incarceration following his convictions for Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person. On August 26, 2020, this Court affirmed the judgment of sentence, and Appellant did not seek further review. *Commonwealth v. Percha*, 240 A.3d 202 (Pa. Super. 2020) (unpublished memorandum).

On July 28, 2021, Appellant timely *pro se* filed the instant PCRA Petition, his first. In the petition, Appellant indicated that he could not afford a lawyer

and requested that the court appoint one for him. The court did not hold an indigency hearing or appoint representation.

On August 18, 2021, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On October 4, 2021, the court dismissed Appellant's petition.

Appellant timely *pro se* filed a Notice of Appeal and Pa.R.A.P. 1925(b) Statement. On December 9, 2021, this Court remanded to the PCRA court for it to "make a determination as to whether Appellant is entitled to representation[ and, if so,] appoint counsel[.]" Order, 12/9/21, at 1. The PCRA court appointed Appellant's instant counsel.

On appeal, Appellant argues that the PCRA court erred by dismissing his first PCRA Petition before appointing counsel. Appellant's Br. at 9. We agree.

A petitioner has an absolute right to counsel on his first PCRA petition, "regardless of the merits of his claim." ***Commonwealth v. Lindsey***, 687 A.2d 1144, 1145 (Pa. Super. 1996); ***see also*** Pa.R.Crim.P. 904(C). "Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition." ***Commonwealth v. Kenney***, 732 A.2d 1161, 1164 (Pa. 1999) (citation omitted). "[W]here an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." ***Commonwealth v. Tedford***, 781 A.2d 1167, 1170 (Pa. 2001) (citation omitted). "[T]he [PCRA] court's power to dismiss a first PCRA petition must

- 2 -

yield to the [a]ppellant's rights to counsel." ***Commonwealth v. Walker***, 721 A.2d 380, 382 (Pa. Super. 1998).

Our review of the trial court record reveals that the PCRA court failed to act on Appellant's request for PCRA counsel before denying PCRA relief. Since an indigent, first-time PCRA petitioner has an absolute right to counsel, and Appellant did not waive that right, the PCRA court erred. We, thus, vacate and remand to permit counsel to file an amended PCRA Petition on Appellant's behalf.[1]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2022

---

[1] We note that on December 14, 2021, on remand from this Court, the PCRA court appointed Appellant's current counsel. As a result, the instant remand order does not include the appointment of counsel.